## THE STATE v. VANBUSKIRK AND AL.

1. The present road act does not *require* surveyors to be appointed from the townships through which the road is to be laid or vacated, or from the nearest townships.

The State v. Vanbuskirk and a⁻.

2. The only restriction as to the locality of surveyors is that regard be had to the surveyors of those townships where the road is applied for; and if the order of appointment states that "regard was had to such surveyors," the requirement of the statute is fully satisfied.

3. Where the plaintiff in *Certiorari* relies on an alleged variance between the beginning point of the road applied for, and the beginning point of the road laid out, it is incumbent on him to show affirmatively that there was a variance, and that the variance is material.

4. In road applications, beginning and ending point must be designated, but mathematical certainty not necessary.

5. Where beginning point is precisely designated, it is not necessary that it should be the centre of the road laid out. It is sufficient if included anywhere in the width of the road laid out.

6. The power to adjourn, given to surveyors by road act *Rev. Stat.* 520, § 12, is not restricted to the case where only a part meet, but the whole six, when met, may adjourn.

In matter of Road. On *Certiorari* to Bergen Common Pleas.

This *Certiorari* was brought to remove into this court the appointment of surveyors of the highways, made by the Bergen Pleas for the purpose of laying out a public highway, together with the proceedings thereon. Upon the return of the surveyors laying out the road, an application was made on behalf of the caveators to set the return aside. This motion was denied by the court, and upon the application of the caveators, freeholders were appointed to view the road. The freeholders, or a majority of them, having failed to certify that the said road was unnecessary, the return of the surveyors was, by order of the court, recorded.

Argued before GREEN, Chief Justice, and CARPENTER, J.

*Hopper*, and *E. B. D. Ogden*, for plaintiff in *Certiorari*.

*W. Pennington*, for defendant.

Opinion of the court delivered by

GREEN, C. J. The first reason relied upon for setting aside the proceedings of the surveyors in this case is, that the court of Common Pleas did not appoint the surveyors from the town-

ships, through which the road as applied for was to be laid out; nor from the nearest townships, and the order of appointment gives no reasons why the surveyors from those townships were not appointed. The answer to this objection is that the statute makes no such requirement. The act of 1774 (*Allison* 386), required that application for the laying out of a public highway, should be made to the two surveyors of the city, township, or precinct where the said road was proposed to be laid, and to the surveyors of the two nearest and adjacent cities, townships, or precincts. The act of 1792 (*Pamph. Laws* 815, chap. ccccviii), which first prescribed an application to the court of Common Pleas for the appointment of surveyors to lay out a public highway, simply required that the court should appoint six of the surveyors of the highways of the county in which the road was to be laid out, without any restriction as to their locality. The provisions of this act were incorporated into the act of 1799. *Paterson* 387.

The act of 1811 (*Bloomfield* 238), limits the discretion of the court in making the appointment, by directing that six of the surveyors of the county shall be appointed by the court, " ever having regard to the surveyors of the highways of those townships, where the said road shall be so applied for, to be laid, vacated, or altered." This is the requirement of the statute under which the surveyors in this case were appointed, and which still remains in force. *Rev. Stat.* 515, § 2. The law imposes no other restriction upon the discretion of the court in the appointment of surveyors, so far as regards their locality, than that contained in the clause just recited. With this requirement, there appears to have been in the present instance a strict compliance. The order of the court explicitly states that the appointment was made, " regard having been had to the surveyors of the townships where the said road is applied for to be laid out." The requirement of the statute is, in this respect, fully satisfied.

The second ground of objection is, that there is a material variance in the place of beginning of the road as applied for, and of the road as actually laid out. The road as described in the application, is " to begin at a stake standing at the south

abutment of the bridge in the public highway, over the Hoho-kus, at Hoppertown, in the township of Franklin." The road as laid out by the surveyors is thus described : " To begin at a stake standing in the township of Franklin at the south margin of the Hohokus brook, east of the south abutment of the bridge over the Hohokus at Hoppertown."

There is a manifest difference of phraseology adopted in the two descriptions, but is there necessarily a variance ? May not the stake described in the return, without violence to the language used, be regarded as identical with the stake described in the application ? Or if there be a variance, does it appear what that variance is—whether it be material or immaterial ? Now it is incumbent upon the plaintiff in *Certiorari*, in order to procure a reversal, to satisfy the court not only that there is a variance in the description of the beginning point, but also that the variance is *material*. Such was the view expressed by this court in the case of *The State* v. *Burnet*, 2 *Green* 385, and in that view we entirely concur.

It appears, however, by affidavits taken under a rule of this court, on the part of the defendants in *Certiorari*, that in point of fact, the stakes specified in the petition, and in the return, as the beginning point of the road, are not identical—that they stand at eight feet distance from each other, at right angles to the course of the road, and that the stake described in the petition is within the limits of the road laid out by the surveyors, and about eight feet distant from the centre of the road.

The beginning and ending of a road must be designated in the application. But it is not necessary that the beginning or ending point as described in the application, should be fixed with mathematical precision. *State* v. *Northrop*, 3 *Harr.* 274 ; *State* v. *Waldron*, 2 *Harr.* 369.

And where the beginning point is designated with precision, as in the present instance—To begin at a stake, it is not necessary that the road be laid out so that the stake shall stand in the centre of the road. The description is equally answered whether the stake stands in the centre, or upon either side of the road. In either case, the road begins at the stake.

In the case of *The State* v. *Green*, 3 *Green* 91, the place of

beginning, as described in the petition, was fixed by the surveyors on the north side of the road. The road was laid out so that the line designated in the petition ran part of the way on the north side of the road, and part of the way in the centre of the road. The return was set aside for uncertainty; but it was not suggested, either by the court or by counsel in argument, that the proceedings were invalid by reason of any variance between the description of the road as applied for, and as laid out by the surveyors.

Upon the argument various objections were made by counsel to the admissibility of the evidence taken in this court on the part of the defendant in *Certiorari*, and offered in support of the proceeding below. We deem it unnecessary to express any opinion upon these points, inasmuch as the evidence offered will in our judgment in no wise affect the result of the case.

The fourth objection relied upon is, that the whole number of surveyors met on the day designated by the court for their meeting, and without viewing the premises or laying out the road, adjourned to a subsequent day. It is insisted that the surveyors have power to adjourn only when a part of their number are absent, that the phrase "any number of the six surveyors" necessarily imports a part of the whole number. The language of the statute affords no warrant for such construction. Any number of the surveyors, includes necessarily the whole as well as any part. The section which authorizes the adjournment, further provides, that "if any number of the said surveyors" sufficient to constitute a quorum, shall convene pursuant to adjournment, they shall proceed to perform the service and duty required of them.

If the construction contended for by the plaintiffs' counsel be correct, then, if the whole number of surveyors should convene pursuant to an adjournment regularly made, they could not proceed to perform the duty required of them by law.

The proceedings are regular, and must be affirmed.

CARPENTER, J. concurred.

N. B. This judgment was removed by writ of error, but the writ of error was abandoned in Court of Errors, by the prosecutors, and dismissed.

CITED *in State* v. *Smith*, 1 *Zab.* 92; *State* v. *Vandervere*, 1 *Dutch.* 234; *Parsell* v. *State*, 1 *Vr.* 547; *State* v. *Woodruff*, 7 *Vr.* 205.